JUSTICE MORRIS
concurs.
¶30 I concur in the conclusion reached by Judge Sherlock and this Court on appeal that nothing in the plain language of § 77-1-202, MCA, requires the Board of Land Commissioners to conduct a harvest-level financial accounting when considering a proposed timber sale on public trust lands. I write separately, however, to reiterate several points from our decision in Montanans for School Trust v. Darkenwald, 2005 MT 190, 328 Mont 105, 119 P.3d 27 (Montrust II), that bear on the outcome here.
¶31 As the Court points out in ¶ 22, many things could be read into the language of “secure the largest benefit” of § 77-1-202, MCA, that would aid in the performance of the Board’s duties in managing school trust lands. We noted in Montrust II that the Board’s discretionary authority to “secure the largest benefit” potentially countenances accepting lease terms less than the highest bid in order to effectuate sustained yield concepts and ensure the long term strength of the trust corpus. Montrust II, ¶ 56, citing State v. Babcock (1966), 147 Mont. 46, 409 P.2d 808.
¶32 The Legislature also retains the ability to impose reasonable constraints upon the Board’s discretion that the Board cannot ignore in carrying out its trust responsibilities. Montrust II, ¶ 61. For example, in Skyline Sportsmen v. Bd. of Land Com’rs (1997), 286 Mont. 108, 114, 951 P.2d 29, 32, in the context of a proposed exchange of school trust land, we held that “neither the Board’s fiduciary duty to the trust beneficiaries nor ... other factors” relieves the Board of its constitutional obligation to follow the “regulations and restrictions” imposed by the Legislature. We recognize that some legislative decisions may cabin the Board’s discretion in managing state trust lands in the short term, but these same decisions also may help the Board “secure the largest benefit” in the long run. These reasonable legislative regulations include various environmental and land-use restrictions. Montrust II, ¶ 57.
¶33 Thus, as the Court correctly concludes today, nothing in the language of § 77-1-202, MCA, that directs the Board to “secure the *196 largest benefit,” requires the Board to conduct a harvest-level financial accounting. Likewise, nothing in § 77-1-202, MCA, prevents the Board from considering various non-economic factors, including the scenic and aesthetic effects of proposed uses, in seeking to “secure the largest benefit” for trust beneficiaries when contemplating whether to approve proposed timber sales.